UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MR. JOE DOE,[1]

        Plaintiff,                                MEMORANDUM AND ORDER
                                                                           11-CV-3978 (JG)(ALC)

        -against-

THE CITY OF NEW YORK *et al.*,[2]

        Defendants.
-----------------------------------------------------------x

JOHN GLEESON, United States District Judge:

        On August 16, 2011, plaintiff filed this *pro se* action. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismisses the complaint for the reasons stated below. Plaintiff is granted 30 days leave to submit an amended complaint with regard to the alleged violations of 42 U.S.C. § 1983 and the Fair Debt Collection Practices Act ("FDCPA"), as detailed below.

## BACKGROUND

        Plaintiff's complaint is a rambling, incomprehensible narrative. Plaintiff appears to allege that there is a widespread conspiracy among the defendants to commit crimes against him. For instance, plaintiff states:

> All conspirators, in the course of 3 years had induced, encouraged, cited, rioted, blocked, malingered, shoulder surfed, aided, intimidated, assaulted, battered, coerced, trespass, tampered with locks . . . adjusting and connecting monitors and ventilation system, impersonating, isolating,

---

[1] Plaintiff, a female, filed this action in person at the Court's public counter under the pseudonym "Mr. Joe Doe." Out of respect for the plaintiff's obvious desire for anonymity, I use the masculine pronoun to refer to Doe.

[2] Plaintiff names approximately 200 hundred defendants; accordingly, I do not list them here in their entirety.

> spying, audio and visual taping . . . to watch me in their place of business and residences . . . .[3]

(Compl. at 3.) Plaintiff further alleges that unnamed individuals connected utility wires to his internet service to monitor movements in his home. (*Id.*) He complains of several involuntary psychological evaluations and commitments, as well as what appears to have been abusive treatment during at least one evaluation or commitment. (*Id.*) Finally, he alleges that various unnamed individuals sold his private medical information and engaged in unfair debt collection practices. (*Id.* at 7-8.) Plaintiff seeks monetary damages.

## DISCUSSION

A.   *Standard of Review*

Because plaintiff is proceeding *pro se*, his papers must be read liberally and interpreted as raising the strongest arguments they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers."); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). The complaint must be supported by more than "mere conclusory statements," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), but it need not provide "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint filed *in forma pauperis* may be dismissed "at any time" upon determination that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B), where a liberal reading

---

[3] Plaintiff annexes to his complaint several pages of what appear to be license plate numbers (*see, e.g.*, Compl. at 16-28, 31-34, 45), as well as a list of telephone numbers from which he allegedly received harassing calls (*id.* at 47-48).

of the pleading "gives any indication that a valid claim might be stated," I must grant leave to amend it at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

B.  *Plaintiff's Allegations*

Although Doe's complaint is riddled with frivolous allegations, there are three allegations that may merit further proceedings.[4] First, Doe complains of an involuntary commitment and of related abusive treatment. (Compl. at 3.) Second, he complains of what may be a violation of the Health Insurance Portability and Accountability Act ("HIPAA") of 1996, Pub. L. No. 104-191. (Compl. at 7.) Third, he complains of a possible violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (2006). (Compl. at 7.)

In order to comport with the requirements of *Iqbal* and assert any of these claims, Doe must file an amended complaint laying out, with specificity, the events that give rise to the allegations. He must also provide the names of the individual(s) who he alleges violated his rights. If Doe does not know individual names, he must provide as much information as possible about the individual(s), distinguishing each individual with the name "John Doe" or "Jane Doe."

1.  *Involuntary Commitment and Abuse*

In order to allege civil rights violations arising from the alleged involuntary commitment and subsequent abuse under 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or

---

[4] The majority of Doe's allegations, even under the very liberal approach we accord *pro se* pleadings, can only be described as delusional and fantastic, and those allegations are accordingly dismissed. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (a court may dismiss an *in forma pauperis* claim as factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially

3

immunities secured by the Constitution or laws of the United States." *Id.* Further, any complaint under Section 1983 must plead specific facts that allege the personal involvement of each individual charged with violating Doe's civil rights. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

2. *HIPAA Violation*

Although Doe apparently wishes to invoke HIPAA's prohibition against doctors' sharing of patients' private medical information, it is clear that HIPAA does not provide for a private right of action. *See Warren Pearl Const. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases for the proposition that HIPAA does not provide a private right of action); *Barnes v. Glennon*, 2006 WL 2811821, at *5 (N.D.N.Y. Sep. 28, 2006) ("No where [sic] does [HIPAA], either explicitly or implicitly, confer to private individuals a right of enforcement."). Doe's allegations therefore do not state a claim against defendants, and are dismissed with prejudice. *See Cohen v. Cty. of Nassau*, 2011 WL 1630136, at *7 (E.D.N.Y. Apr. 27, 2011) (dismissing case where plaintiff alleged simply that "defendants (jointly and severally) . . . violated plaintiff's privacy rights regarding his medical and/or mental health records.").

3. *FDCPA Violation*

The FDCPA, enacted in 1977 to eliminate abusive debt collection practices, imposes civil liability upon debt collectors who engage in such practices. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1609 (2010). In order to make out a claim under the FDCPA, Doe must specify the individuals or corporate entities he believes violated his rights, and must clearly identify the actions taken by those individuals or entities that constituted violations of his rights. Merely stating that "they have involve[d] company staff to

---

noticeable facts available to contradict them").

collect alleged debts owed" (Compl. at 7) or that they have "[d]isclos[ed] . . . credit and background information to insignificant others" (*id.* at 8) is insufficient to state a claim under *Iqbal*.

CONCLUSION

The complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  In light of Doe's *pro se* status, I grant him leave to file an amended complaint as to any civil rights or FDCPA claims within 30 days from the entry of this order.  All proceedings shall be stayed for 30 days or until Doe files an amended complaint, whichever is earlier.

If Doe elects to file an amended complaint, that submission should be captioned "AMENDED COMPLAINT" and bear the same docket number as this order, 11-CV-3978 (JG)(LB).  The amended complaint shall replace the original complaint and shall be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B).  If Doe fails to file an amended complaint within 30 days from the entry of this order, judgment shall enter dismissing the complaint for the reasons set forth herein.  28 U.S.C. § 1915(e)(2)(B).

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
      September 1, 2011